# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JENNA SLIGER and CHRISTOPHER CARTIER,<br><br>     Plaintiffs<br><br>v.<br><br>NICHOLAS CARAMELLA, et al.,<br><br>     Defendants | Case No.: 3:25-cv-00385-MMD-CSD<br><br>**Order**<br><br>Re: ECF Nos. 31, 32 |

On November 19, 2025, following the filing of a motion to dismiss by Defendants Washoe County Human Services, Kami Riley, and Tonya Anderson, the court entered an order setting a Case Management Conference ("CMC") and deadlines for a joint case management report and proposed discovery plan and scheduling order. (ECF No. 21.)  In light of the Plaintiffs' filing of an amended complaint, the District Judge entered an order denying as moot the County Defendants' motion to dismiss, as well as a motion to dismiss filed by Defendants Pinecrest Academy of Northern Nevada and Jamie Austin. (ECF No. 30.) The District Judge also allowed the filing of Plaintiffs' second amended complaint as the operative complaint in this action. (*Id.*)  No answers or responsive pleadings have yet to be filed with respect to the SAC.

The County Defendants, joined by the Pinecrest Academy, now move for reconsideration of the court's order of November 19, 2025. (ECF Nos. 31, 32.) In particular, these defendants argue that service of process upon them was insufficient, and therefore they are not properly before the court. County Defendants also argue that it is not even clear whether they remain a part of the complaint, as the SAC contains no factual allegations stating a claim against them. (ECF No. 31.)

Good cause appearing, the motion to reconsider (ECF No. 31, 32) is **GRANTED**. The CMC set for January 5, 2026, at 11:00 a.m., and the deadline for filing a joint case management report and proposed discovery plan and scheduling order, are hereby **VACATED** until further order of the court.

Plaintiffs are advised that the court lacks "personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *amended*, 807 F.2d 1514 (9th Cir. 1987). Service of process under Rule 4 includes serving a copy of both the summons and the complaint on the defendant. Fed. R. Civ. P. 4(c)(1). Under Rule 4(e), an individual defendant may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Although Rule 4 is flexible "so long as a party receives sufficient notice of the complaint, . . . neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without substantial compliance with Rule 4." *Benny*, 799 F.2d at 492 (internal citations and quotation marks omitted). Failure to effectuate service of process in compliance with Rule 4 could result in the quashing of service of process or dismissal of all or part of this action. *See S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006).

Plaintiffs are further advised that, if they no longer seek to pursue claims against any specific defendant who has previously been named in this action, they shall file a motion to voluntarily dismiss those defendants from this case.

**IT IS SO ORDERED**.

Dated: December 12, 2025

_____
Craig S. Denney
United States Magistrate Judge