UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JENNA SLIGER; and CHRISTOPHER CARTIER,

Plaintiffs,

v.

NICHOLAS CARAMELLA, *et al.*,

Defendants.

Case No.: 3:25-cv-00385-MMD-CSD

ORDER

## I.    SUMMARY

In their Second Amended Complaint ("SAC"), *pro se* Plaintiffs Jenna Sliger and Christopher Cartier assert claims under 42 U.S.C. § 1983, as well as related federal constitutional and state-law claims, arising from an underlying child custody dispute, against Defendants Washoe County Human Services Agency ("WCHSA" or "Washoe County"), Tonya Anderson, Pinecrest Academy of Northern Nevada ("Pinecrest"), Judge Dixie Grossman, Nicholas Caramella, Jamie Austin, and Kami Riley. (ECF No. 29.)[1] Before the Court are Defendants' motions to dismiss the SAC (ECF Nos. 41, 42, 43 (the "Motions"))[2] and Plaintiffs' motion for leave to file a consolidated amended complaint and to cure service (ECF No. 47). For the reasons explained below, the Court will dismiss this case for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.

---

[1]Plaintiffs filed their initial complaint on September 12, 2025. (ECF No. 6.) On November 17, 2025, Plaintiffs filed a First Amended Complaint ("FAC"). (ECF No. 17.) On December 5, 2025, Plaintiffs filed their SAC (ECF No. 29), which is the operative complaint in this case. (ECF No. 30.) Plaintiffs responded to all three motions to dismiss in a single consolidated opposition (ECF No. 61; *see also* ECF No. 56). Defendant Pinecrest replied. (ECF No. 62.) Defendant Caramella replied. (ECF No. 60.)

[2]These include WCHSA's motion to dismiss (ECF No. 41); Pinecrest's motion to dismiss (ECF No. 42); and Caramella's motion to dismiss (ECF No. 43). Caramella joined the other dismissal motions. (ECF No. 46.)

## II.   BACKGROUND

The following facts are primarily adapted from the SAC (ECF No. 29) and attached documentation (ECF No 29-1).[3] This action arises from an underlying child custody dispute pending in the Washoe County Second Judicial Court, Case No. FV18-00476. (*Id.* at 2.) Plaintiff Sliger and Defendant Caramella are the parents of minor children and previously shared joint legal and physical custody. (ECF No. 29-1.) Plaintiffs allege that they have "now been separated from the minor children for 1 year and 3 months." (*Id.* at 2.) Plaintiffs allege that all named Defendants are responsible for the "irreparable psychological trauma, financial devastation, and the unconstitutional disruption of family integrity." (*Id.* at 1.)

Plaintiffs appear to blame Defendant Washoe County and its employees, Tonya Anderson and Kami Riley, in part, for "harming Plaintiff's custodial rights." (ECF No. 29 at 3.) Plaintiffs further allege that Defendant Caramella "knowingly submitted false and defamatory statements" in the underlying state court case; Plaintiffs also accuse the state court judge, Judge Grossman, of "federal due process" violations for awarding Caramella primary physical custody, despite alleged convictions of domestic violence and "drawing a deadly weapon in a threatening manner."  (*Id.* at 2.)

In addition, Plaintiffs allege that Defendant Pinecrest violated Nevada law by employing Dr. Brighid Fronapfel as a school psychologist intern after she had been denied a state psychology license. (*Id.* at 3-4.) Dr. Fronapfel performed psychological services for students, including Plaintiffs' children. (*Id.*) Plaintiffs further allege that Pinecrest violated Nevada law (NRS § 641.390) by "generating unlawful psychological records [] in custody disputes." (*Id.* at 3.)

The culmination of these events resulted in Plaintiffs filing this action. Plaintiffs appear to bring an assortment of federal constitutional claims under 42 U.S.C. § 1983, Fourteenth Amendment Due Process, and First Amendment retaliation and associated

---

[3]Because the SAC is sparse, the Court looks to the attached documentation (ECF No. 29-1) to understand the allegations underlying Plaintiffs' claims.

state-law claims. However, although difficult to decipher, the Court construes the SAC as largely challenging the underlying state-court proceedings and the actions taken therein.

## III.  DISCUSSION

Defendants seek dismissal on multiple grounds. However, all Defendants raise jurisdictional concerns (i.e., lack of subject-matter jurisdiction) for various reasons.[4] (ECF No. 41 at 2; ECF No. 42 at 3-4; ECF No. 43 at 3, 8.) Because the Court finds that it lacks subject matter jurisdiction over Plaintiffs' federal claims under the *Rooker-Feldman* doctrine, the Court will dismiss this case.

The *Rooker-Feldman* doctrine directs that federal district courts may not exercise subject matter jurisdiction over a de facto appeal from a state court judgment.[5] *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 414-17 (1923); *D.C. Ct. of Appeals, et al. v. Feldman*, 460 U.S. 462, 482 (1983). The doctrine applies when "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court and seeks relief from the state court judgment based on that decision." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). As part of a refusal to hear a forbidden de facto appeal, a federal district court "must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Doe v. Mann*, 415 F.3d 1038, 1042 (9th Cir. 2005) (quoting *Noel*, 341 F.3d at 1158). To determine if an action operates as a de facto appeal, the court "pay[s] close attention to the relief sought by the federal-court plaintiff." *Cooper v. Ramos*, 704 F.3d 772, 777-78 (9th Cir. 2012) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 990 (9th Cir. 2003)).

Here, Plaintiffs do not specify the relief sought in the SAC. (ECF No. 29.) Nevertheless, the Court construes Plaintiffs' allegations that Judge Grossman violated their "federal due process" rights by awarding Defendant Caramella primary physical

---

[4]Because the Court grants the Motions based on a lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine, it does not reach or address the Defendants' remaining arguments as to other grounds for dismissal.

[5]State court litigants may only achieve federal review of state court judgments by filing a petition for a writ of certiorari in the Supreme Court of the United States. *See D.C. Ct. of Appeals, et al. v. Feldman*, 460 U.S. 462, 482 (1983).

custody as an implicit challenge to the state court's custody determination. (*Id.* at 2.) Thus, these and related allegations serve as a de facto challenge to a state-court judgment. But, where the form of relief would constitute a reversal or "undoing of the prior state-court judgment," *Rooker-Feldman* dictates that the lower federal courts lack jurisdiction. *Bianchi*, 334 F.3d at 900 (internal quotations and citations omitted). Thus, granting the relief the Court infers Plaintiffs ultimately seek would require the Court to analyze the state court's alleged legal errors and void or otherwise undo the orders entered in the underlying custody proceeding, which is squarely barred by *Rooker-Feldman*. Moreover, to the extent Plaintiffs seek any other related relief, the Court may not review claims "inextricably intertwined" with issues addressed by the state court.[6] *See Doe*, 415 F.3d at 1042-43.

Accordingly, the *Rooker-Feldman* doctrine deprives the Court of subject matter jurisdiction over Plaintiffs' claims, and the Court will grant Defendants' Motions. Because the Court lacks subject matter jurisdiction over Plaintiffs' claims under the *Rooker-Feldman* doctrine, the Court also *sua sponte* dismisses claims against the remaining Defendants. *See Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (finding a court may dismiss claims *sua sponte* for lack of subject matter jurisdiction without violating due process). Moreover, having found that it lacks subject matter jurisdiction over Plaintiffs' federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims (i.e., claims of defamation and alleged violations of the Nevada Revised Statutes) and will dismiss those claims without prejudice.

## IV.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and

---

[6]In the attached documentation to the SAC, Plaintiffs seek compensatory damages from Defendant Caramella for "loss of consortium" and "spousal/family interference", among other reasons, and "disciplinary sanctions", including the termination of Dr. Fronapfel's employment at Pinecrest. (ECF No. 29-1 at 2-3.)

determines that they do not warrant discussion as they do not affect the outcome of Defendants' Motions before the Court.

It is therefore ordered that Defendants' motions to dismiss (ECF Nos. 41, 42, 43) and joinder to these motions (ECF No. 46) are granted. The Court dismisses the federal claims for lack of subject-matter jurisdiction. The Court declines to exercise supplemental jurisdiction over the state law claims and dismisses them without prejudice to Plaintiffs pursuing these claims in state court.

It is further ordered that Plaintiffs' motion for leave to file a consolidated amended complaint and to cure service (ECF No. 47) is denied as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 10th Day of June 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE